MARTHA GRUBBS, Respondent, v. O. P. RAY, Administrator of the Estate of WILLIAM RECOB, Deceased, Appellant.

Kansas City Court of Appeals, November 20, 1911.

1. **WITNESSES: One Party to Contract Deceased: Evidence.** Plaintiff sues the administrator of her uncle's estate, claiming there was a contract of employment by which she was to be compensated for her services to him and his wife during their lifetime. Plaintiff's sister testified that her uncle wrote her urging her to have plaintiff come to his home, and that he would pay her well for her services. Defendant objected to this evidence on the ground that plaintiff's sister was acting as plaintiff's agent, and on the death of the uncle she was not qualified to testify. It is *held* that the evidence was competent because, under the evidence, if plaintiff's sister was the agent of either party she was the agent of her uncle.

2. **PRACTICE: Trial: Instructions: Assuming Disputed Fact: Immaterial Error: When.** In one of the instructions the court told the jury that the case was based upon the contract, expressed or implied, between plaintiff and her uncle; that she was not permitted to testify; and the jury was further told in that instruction that they should not allow plaintiff's inability to testify to militate against her in making their verdict. The instruction was erroneous in assuming the disputed fact of the existence of such a contract; but as the other instructions showed clearly that the jury were to determine whether or not there was a contract, the error was not misleading and therefore not prejudicial.

Appeal from Chariton Circuit Court.—*Hon. John P. Butler*, Judge.

AFFIRMED.

*Roy W. Rucker* and *W. W. Rucker* for appellant.

(1)   The court erred in permitting witness, Mrs. Rodgers, to testify on behalf of plaintiff, for the reason that she was plaintiff's agent in making the alleged contract detailed in evidence and the other party to said contract, William C. Recob, was dead. Defendant's° objection to her competency should have been sustained by the court.   Edwards v. Warner, 84 Mo. App. 202; Donnell Newspaper Co. v. Jung, 81 Mo. 581; Walterman v. Shenick's Est., 102 Mo. App. 142; Green v. Ditsch, 143 Mo. 8; Bank v. Slattery's Admr., 166 Mo. 491; Brewery Co. v. Rohling, 133 Mo. App. 67.   (2)   The trial court erred in giving instruction number 3, requested by plaintiff, for the reason that said instruction assumes and expressly declares the truth of the most important fact in controversy; and, for the further reason that said instruction number 3, given for plaintiff, is contradictory of and in direct conflict with all the other instructions in the case. Dulaney v. Sugar Ref. Co., 42 Mo. 662; Merriwether v. Kansas City Cable Co., 45 Mo. App. 532; Crow v. Railroad, 212 Mo. 610; Klein v. St. Louis Transit Co., 117 Mo. App. 696; Browning v. Railroad, 118 Mo. App. 458; Orscheln v. Scott, 79 Mo. App. 540; Bluedorn v. Railroad, 108 Mo. 450; McKinnon v. Coal Mining Co., 120 Mo. App. 164; McNichols v. Nelson, 45 Mo. App. 454; Wallack v. St. L. Transit Co., 123 Mo. App. 167; Russell v. Poor, 133 Mo. App. 729; Ross v. Street Ry. Co., 132 Mo. App. 481; Baer, Seasongood & Co. v. Lisman, 85 Mo. App. 320; Meily v. Railroad, 215 Mo. 586; Haynor v. Light Co., 129 Mo. App. 698.

*John D. Taylor* for respondent.

JOHNSON, J.—This suit was commenced in the probate court of Chariton county to recover a demand for wages against the estate of William C. Recob, deceased, alleged to have been earned under a contract of employment. A trial in the circuit court, to which the cause was appealed, resulted in a verdict and judgment for plaintiff in the sum of one thousand dollars. Defendant, administrator, appealed to this court.

Plaintiff, a niece of William C. Recob, became an orphan at the age of four years and was reared in the home of Mr. Recob, as a member of his family until she attained her majority in 1896, when she went to Kansas City to live with her half sister, Daisy D. Rodgers. Being incompetent to testify in her own behalf, plaintiff was compelled to rely on the testimony of Mrs. Rodgers for proof of the contract of employment she alleges was made between her and Mr. Recob. Defendant objected to the witness on the ground that she was the agent of plaintiff in the transaction and, therefore, incompetent. The objection was overruled and the witness was permitted to give testimony to the effect that shortly after plaintiff became a member of her family she received a letter from Mr. Recob urging her to have plaintiff return to his home. Witness showed the letter to plaintiff and then answered, asking Mr. Recob what provision he would make for plaintiff if she returned. He replied, in substance, that he and his wife were old, unable to do their work and that if plaintiff would come back and work for them he would pay her well for her services.

At this time Recob's family consisted of himself his wife and his sister-in-law who was blind. All were very old people and in need of service though it appears that Recob and his wife were vigorous and energetic

for aged persons and did a great deal of the work on the little farm, a few miles from Keytesville, on which they lived and which appears to have comprised the substantial whole of their property. Plaintiff accepted the offer and for eleven years was the mainstay of the little family. She did most of the housework and performed outdoor labors usually done by farm hands. She was a faithful, attentive and very industrious servant and there are other witnesses than her half sister who testify to facts and circumstances tending to show that her status was that of a servant working for hire and not of a member of the family gratuitously serving its aged members. The death of Mrs. Recob, at the age of eighty-eight years, preceded that of her husband. There is evidence tending to show that after her death Mr. Recob became afflicted with a species of climacteric dementia which caused him to conceive so strong a dislike for plaintiff that she was forced to seek another home. A sister of Recob took her place but not until he had executed a deed conveying his real estate to a trustee for his sister's benefit. A few months later Recob died. An administrator of his estate was appointed and the estate was appraised at $77. During the whole period of her service plaintiff received no wages and was clothed at the expense of her half sister. The first point argued by defendant is that "the court erred in permitting witness, Mrs. Rodgers, to testify on behalf of plaintiff for the reason that she was plaintiff's agent in making the alleged contract detailed in the evidence and the other party to said contract, William C. Recob, was dead."

The rule is well settled that where one party to the contract or cause of action is dead, neither the other party nor his agent with whom the contract or transaction was had is a competent witness. [Edwards v. Warner, 84 Mo. App. l. c. 202; Donnell Newspaper Co. v. Jung, 81 Mo. App. l. c. 581; Waltemar v.

Schnick's Estate, 102 Mo. App. l. c. 142; Green v. Ditsch, 143 Mo. l. c. 8; Brewery Co. v. Rohling, 133 Mo. App. l. c. 67.] But the evidence does not show that plaintiff's half sister was her agent in the transaction. At the time Recob wrote Mrs. Rodgers invoking her good offices, letters had been exchanged between plaintiff and the Recobs and it is fairly inferable that the appeal to the half sister was not made until after direct efforts had proved unavailing. Of course Mrs. Rodgers was forced to admit on cross-examination that in advising plaintiff to accept the offer she was actuated by the desire to promote plaintiff's welfare but that did not establish an agency between her and plaintiff. If she was the agent of either party she was the agent of Recob for he enlisted her services, brought her into the transaction as a sort of mediator and she did only what he requested her to do. The court did not err in permitting her to testify.

Next, defendant complains of the following instruction given at the request of plaintiff: "This action is based upon the contract, express or implied, between the plaintiff and William Recob, now deceased, and under the law it would be improper to allow plaintiff to testify in her own behalf, and you are instructed that you should not allow plaintiff's inability to testify to militate against her in making your verdict."

The instruction is subject to the criticism that in using the article "the" instead of "a" in referring to the noun "contract" the court assumed as proved the fact that a contract of employment existed between plaintiff and Mr. Recob. That fact offered the chief bone of contention between the parties and was the most important issue for submission to the jury.

But we do not regard the error as prejudicial and the reason for this view is that, taking the instructions given at the instance of plaintiff as a whole, it is inconceivable that a reasonable person in the situation

of the jury could have been misled into thinking the court intended to instruct them that a contract existed. The instructions which purport to cover the whole case clearly and accurately submit the question of contract or no contract as one of the indispensable elements of plaintiff's cause of action.

The instructions must be read as a whole and we must assume that the jury were men of ordinary intelligence. If they were, they could not fail to see at a glance that the use of the wrong article was a mere clerical mistake. The evidence of plaintiff was substantial enough to take the case to the jury and, finding no prejudicial error in the record, we must affirm the judgment. It is so ordered. All concur.